UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FONDIA MOORE,

    Plaintiff,

v.

DOUG WADDINGTON, *et al.*,

    Defendants.

Case No. C06-5449 RJB/KLS

ORDER DENYING MOTION FOR THE APPOINTMENT OF COUNSEL

    This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff has been granted leave to proceed *in forma pauperis*. (Dkt. # 5). Before the court is plaintiff's motion for appointment of counsel. (Dkt. # 15).

    There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the court, under 28 U.S.C. § 1915(d), can request counsel to represent a party proceeding *in forma pauperis*, the court may do so only in exceptional circumstances. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984); Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. Wilborn, 789 F.2d at 1331.

ORDER - 1

Plaintiff has not shown exceptional circumstances warranting appointment of counsel. Plaintiff submits that he cannot afford an attorney and that he does not understand the legal system and needs legal advice. (Dkt. # 15). However, none of these reasons warrants the appointment of counsel. Although Plaintiff may have limited resources and limited knowledge of the law and legal system, he is not precluded from litigating his case. In fact, Plaintiff has demonstrated that he capable of articulating his claims. This is not a complex case that involves complex facts, law, issues or a large number of parties. It is anticipated that the case will involve a limited number of witnesses, with facts spanning a relatively short period of time. Moreover, Plaintiff has not demonstrated a likelihood of success on the merits of his claims.

Accordingly, Plaintiff's motion to appoint counsel (Dkt. # 15) is **DENIED**.

The Clerk is directed to send copies of this Order to Plaintiff and counsel for Defendants.

DATED this  7th  day of December, 2006.

Karen L. Strombom
United States Magistrate Judge

ORDER - 2